Jonas **ROBITSCHER** and Jean B. **Robitscher, Appellants,**

v.

The **UNITED CLAY PRODUCTS COMPANY, Appellee.**

No. 2148.

Municipal Court of Appeals for the District of Columbia.

Argued March 10, 1958.

Decided June 20, 1958.

Mark P. Friedlander, Jr., Washington, D. C., with whom Mark P. Friedlander,

Washington, D. C., was on the brief, for appellants.

Richard H. Nicolaides, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is from an order at pre-trial dismissing the complaint. From the pleadings and pretrial statements of the parties, the basic facts appear to be these: Appellants were owners of three houses and engaged a builder to repair and remodel them. A part of the remodelling was installation of a heating and air-conditioning unit in each house. The builder purchased the air-conditioning units ' from appellee who furnished a schematic layout for the necessary ducts and registers. Installation of the system, consisting of the units, ducts and grills, was done by one of the builder's subcontractors. The disputed facts are these: Appellants alleged that the layout furnished by appellee was improper and insufficient and negligently prepared, and that as a result the system did not properly operate. Appellee alleged that the layout was good and workable, but that the subcontractor installed the system in a negligent and unworkmanlike manner. The complaint sought damages resulting from the alleged negligence in the preparation of the layout.

The trial court dismissed the complaint on the ground that there was no privity between appellants and appellee and that the case of Hanna v. Fletcher, 97 U.S.App.D. C. 310, 231 F.2d 469, certiorari denied sub nom. Gichner Iron Works, Inc. v. Hanna, 351 U.S. 989, 76 S.Ct. 1051, 100 L.Ed. 1501, had no application. Appellants' claim is not one in contract but is in tort for negligence. We agree with the trial court that Hanna v. Fletcher, supra [97 U.S.App.

D.C. 310, 231 F.2d 474], is not applicable, for as we read that case it is limited to situations where there is "a probably dangerous physical condition," or the "negligent creation of danger," and no such situation is claimed here.

■ However, long before Hanna v. Fletcher, supra there has been the rule of law that one who undertakes to perform a service for another has the duty of exercising care and is liable for his failure to do so even though his undertaking was gratuitous. "It is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all." Glanzer v. Shepard, 233 N.Y. 236, 135 N.E. 275, 276, 23 A.L.R. 1425. See also 65 C.J.S. Negligence § 4(2) (b).

■ Here, appellee admits preparing the layout, but says it was done "as an accommodation and without liability." Whether this service was purely gratuitous or a service supplied in connection with the sale of the units is open to question, but as we have pointed out appellee cannot escape liability for its negligence by a mere showing that its service was gratuitous. Furthermore there is no basis for appellee's claim of nonliability to appellants on the ground that the services were furnished to the builder and not to appellants, because in its pretrial statement appellee, although stating it furnished the original layout to the builder, admitted that the supplemental or revised layout was furnished at the request of appellants.

Of course we do not hold or even intimate that appellants are entitled to recover. All we hold is that it was error to dismiss their complaint without an opportunity to prove their case if they can do so.

Reversed.